```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

PETER KARPOWICZ,                )
          Plaintiff,            )
                                )
     v.                         )  C.A. No. 04-10602-MEL
                                )
MBTA POLICE DEPARTMENT, et al., )
          Defendants.           )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff shall demonstrate good cause (1) why his complaint is not subject to summary dismissal and (2) why he should not be enjoined from filing further civil actions without leave of court.

## FACTS

On March 29, 2004, plaintiff Peter Karpowicz, a frequent litigant in this Court,[1] filed a complaint based upon unspecified incidents resulting in plaintiff's arrest and prosecution in state court. The complaints contain no

---

[1] Karpowicz v. Maloney Properties, et al., C.A. No. 03-10609-GAO; Karpowicz v. Commonwealth, et al., C.A. No. 03-10606-GAO; Karpowicz v. City of Cambridge, et al., C.A. No. 03-10346-GAO; Karpowicz v. Suffolk County Sheriff, et al., C.A. No. 00-11151-MLW; Karpowicz v. MBTA, et al., C.A. 00-11150-MLW; Karpowicz v. Boston Police Department, C.A. No. 98-11453-MLW; Karpowicz v. Massachusetts Attorney General, et al., C.A. No. 96-10538-REK; Karpowicz v. Boston Police Department, C.A. No. 96-10537-REK; Karpowicz v. MCAD, et al., C.A. No. 96-10269-REK; Karpowicz v. MCAD, et al.,C.A. No. 95-12570-REK; Karpowicz v. McDonalds, et al., C.A. No. 95-11896-REK; Karpowicz v. MCAD, et al., C.A. No. 95-10650-REK; Karpowicz v. Chief Judge, et al., C.A. No. 94-11839-REK; Karpowicz v. Boston Police Department, et al., C.A. No. 94-11838-REK; Karpowicz v. Metropolitan Bay, C.A. No. 94-10560-REK; Karpowicz v. Wathmaker, et al., C.A. No. 87-01093-EFH.

allegations concerning the dates of these events.

Plaintiff asserts that he (1) is "almost 70 years old;" (2) has numerous physical disabilities;" (3) is a "white male;" (4) is "not a criminal;" and (5) is "Non Irish." Complaint ("Compl."), page 2.  He claims his prior arrests, as well as the arrests of other "vulnerable old, innocent, disabled people" as well as "black people" occurred as part of a conspiracy involving "Irish Police."  He names as defendants, the MBTA Police Department; the Massachusetts Bay Transit Authority; Thomas O'Loughlin, the former MBTA police chief; five MBTA police officers; the Trial Court of Massachusetts; the Governor of Massachusetts; and the Massachusetts Attorney General.

## ANALYSIS

I. The Court May Screen The Complaint

Because plaintiff filed this complaint without prepayment of the filing fee, a summons has not been issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in

2

fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

>    II.  Plaintiff's Complaints Lack
>         An Arguable Basis in Law or Fact

A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional or if it is based on legal theories that are indisputably meritless." Neitzke, 490 U.S. at 327-28. Here, not only are nearly all of the defendants entitled to immunity from suit or are not "state actors,"[2] plaintiff's allegations of a conspiracy of unnamed "Black"

---

[2] See, e.g., United States v. Sherwood, 312 U.S. 584, 586 (1941) (The United States, as sovereign, is immune from suit without its consent); Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989) (11th Amendment bars civil rights actions in federal court brought against states and state employees in their official capacities); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (a judge is absolutely immune from liability in civil lawsuits for damages in connection with the performance of his or her official duties); Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976) (prosecuting district attorney is absolutely immune from liability for his actions in initiating and prosecuting criminal case); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (defense attorneys are not "state actors"

and "Irish" persons are conclusory and are thus insufficient to state a claim. See, e.g., Wilson v. Budney, 976 F.2d 957, 957(5th Cir. 1992) (affirming; conclusory allegations of a civil rights conspiracy are subject to dismissal as frivolous under former § 1915(d)); cf. Monell v. Department of Social Servs., 436 U.S. 658, 690, 694 (1978) (in order for municipality to be held liable under § 1983, a plaintiff must allege that an official policy or custom caused a city employee to violate plaintiff's constitutional rights); Dekoven v. Bell, 140 F. Supp. 2d 748, 757 (E.D. Mich. 2001) (dismissing prisoner's complaint as frivolous under § 1915A; plaintiff made no specific factual allegations that any of the named defendants violated his rights under the federal constitutional or other federal law).

### III.    Petitioner Shall Demonstrate Good Cause Why He Should Not Be Enjoined From Filing

Since 1987, plaintiff has filed sixteen actions in this Court, the majority of which have been summarily dismissed. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)). Petitioner

---

liable for alleged deprivations under the civil rights acts).

is advised that the continued filing of factually and legally deficient habeas petitions concerning his confinement may warrant an injunction barring him from filing additional lawsuits without the aid and signature of counsel or unless specifically authorized by the Court.  See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. U.S. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1709 (1st Cir. 1980) (same).

## ORDER

Accordingly, it is hereby

ORDERED, plaintiff is directed to demonstrate good cause, in writing, within thirty-five (35) days from the date of this Memorandum and Order, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2); and it is further

ORDERED, the plaintiff is directed to demonstrate good cause, in writing, within thirty-five (35) days from the date of this Memorandum and Order, why he should not be enjoined from filing new civil actions absent leave of Court.

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of December, 2004.

                                    /s/ Morris E. Lasker  
                                    MORRIS E. LASKER  
                                    SENIOR UNITED STATES DISTRICT JUDGE